1

**LAW OFFICES OF GRECH & PACKER**
Trenton C. Packer (SBN 241057)
7095 Indiana Ave Ste 200
Riverside, CA 92506
(951)682-9311
Email: tpacker@grechpackerlaw.com

2

3

4

*Attorneys for Plaintiff*

5

6

7

8

### UNITED STATES DISTRICT COURT
### CENTRAL DIST RICT OF CALIFORNIA

9

10

SANTINO RENALDO SAPUTO,

11

            Plaintiff,

12

13

        vs.

14

CITY OF CORONA; JASON WALDON;
and DOES 1 through 10, inclusive,

15

16

            Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

**Case No.:** 5:22-cv-1062

**COMPLAINT FOR DAMAGES**

1. Unreasonable Search and Seizure – Excessive Force – Violation of the Fourth Amendment (42 U.S.C. §1983)
2. Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. §1983)
3. Municipal Liability – Ratification (42 U.S.C. §1983)
4. Municipal Liability – Failure to Train (42 U.S.C. §1983)
5. Battery
6. Negligence
7. Violation of Civil Rights – Bane Act (Cal. Civil Code § 52.1, Cal. Const.)

**DEMAND FOR JURY TRIAL**

1

## COMPLAINT FOR DAMAGES

2
3
4

Comes now, Plaintiff SANTINO RENALDO SAPUTO for his complaint against Defendants CITY OF CORONA; JASON WALDON; and DOES 1-10, inclusive, and hereby alleges as follows:

5
6

## INTRODUCTION

7
8
9
10
11
12
13

1.      This civil rights and state tort action arises out of the June 25, 2021, excessive and unreasonable force used on Plaintiff SANTINO RENALDO SAPUTO by CITY OF CORONA Sergeant Defendant JASON WALDON.  Plaintiff seeks compensatory damages, punitive damages, attorneys' fees, and costs from Defendants for violating various rights guaranteed to Plaintiff by the Bill of Rights, the United States Constitution, the California Constitution, and the laws of the State of California.

14
15

## JURISDICTION AND VENUE

16
17
18
19
20

2.      This civil action is brought for the redress of alleged deprivations of rights under the laws of the State of California and of constitutional rights protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1334, and 1367.

21
22
23

3.      Venue is proper in this Court under 28 U.S.C. §1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the City of Corona, County of Riverside, California.

24
25
26
27

4.      On December 20, 2021, Plaintiff timely presented his claim for damages to the CITY OF CORONA pursuant to applicable sections of the California Government Code (sections 910 - 913.2).  On February 2, 2022, Defendant CITY OF CORONA rejected Plaintiff's claim.

28

**PARTIES**

5.      At all relevant times, Plaintiff SANTINO RENALDO SAPUTO ("SAPUTO") is and was an individual residing in the City of Corona, California.

6.      At all relevant times, Defendant CITY OF CORONA ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California.  At all relevant times, CITY was the employer of JASON WALDON; and DOES 1-10, inclusive.  Defendants JASON WALDON, and DOES 1-10, inclusive, are sued in their individual capacities for damages.  As set forth below, Plaintiff alleges that the CITY is directly liable for compensatory damages under federal law pursuant to *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978) and its progeny.  Plaintiff alleges that the CITY is vicariously liable for compensatory damages under Plaintiff's state law claims, given Plaintiff's allegations that the officers who committed the acts and omissions complained of herein were acting in the course and scope of their employment at the time that the acts and omissions occurred.  Plaintiff makes no claim for punitive damages against the CITY.

7.      At all relevant times, Defendant JASON WALDON ("WALDON") was a duly appointed CITY Police Sergeant and/or employee or agent of the CITY, subject to the oversight and supervision of the CITY'S elected and non-elected officials.  At all relevant times, WALDON acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant CITY, the Corona Police Department ("CPD"), and under the color of the statutes and regulations of the State of California.  At all relevant times, WALDON acted within the course and scope of his employment as a CITY Police Officer.  On information and belief, WALDON is and was at all relevant times a resident of this judicial district.

8.      At all relevant times, Defendant DOES 1-10, inclusive, were duly appointed CITY Police Officers and/or employees or agents of the CITY, subject to oversight and supervision by the CITY'S elected and non-elected officials and/or were

managerial, supervisory, or policy-making officials of the CPD.  At all relevant times, DOES 1-10, inclusive, acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant CITY, the CPD, and under the color of the statutes and regulations of the State of California.

9.     The true names of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff at this time, who therefore sue these Defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show the true names and capacities of these Defendants when they have been ascertained.  Each of the fictitious named Defendants is responsible in some manner for the conduct and liabilities alleged herein.

10.     In committing the acts and omissions hereinafter described, Defendants DOES 1-10, inclusive, were acting on the implied and actual permission and consent of the CITY.  In committing the acts and omissions hereinafter described, Defendants DOES 1-10, inclusive, were acting in the course and scope of their employment as CITY Police Officers, employees, and/or agents.

11.     At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every Defendant.

12.     Pursuant to Cal. Govt. Code § 815.2(a), the CITY is vicariously liable for the nonfeasance and malfeasance of the individual Defendant CPD Officers, and DOES 1-10, inclusive, as alleged by Plaintiff's state law claims.  ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.").  Defendant CPD Officers, and DOES 1-10, inclusive, are liable for their nonfeasance and malfeasance pursuant to Cal. Civ. Code § 820(a).  The CITY is also liable pursuant to Cal. Govt. Code § 815.6.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

13.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 12 of this Complaint with the same force and effect as if fully set forth herein.

14.     The incident upon which this action is based occurred on June 25, 2021, at or around the 4500 block of Temescal Canyon Road in the area of Dos Lagos Golf Course, City of Corona, in the County of Riverside, California.

15.     SAPUTO was running on the Dos Lagos Golf course when he was shot with a rifle by DEFENDANT WALDON from a distance of almost 200 yards.

16.     SAPUTO was not near any CPD Officer or anyone else at the time he was shot.

17.     SAPUTO never verbally threatened any CPD Officer.

18.     The CPD Officers did not give a verbal warning that they would use deadly force against Plaintiff SAPUTO prior to the use of deadly force, even though it was feasible to do.

19.     There were less intrusive, and less-lethal alternatives available to the Defendant Officers at the time of the use of deadly force against Plaintiff SAPUTO.

20.     There were several CPD Officers on scene in support of each other, greatly outnumbering the lone Plaintiff SAPUTO.

21.     Plaintiff SAPUTO was not an immediate threat of death or serious bodily injury to anyone, including any of the CPD Officers, at the time deadly force was used against him from a distance of almost 200 yards.

22.     Plaintiff SAPUTO'S hands were visible and empty at all times.  Plaintiff SAPUTO did not have any weapons in his hands or anywhere on his person.

23.     Plaintiff SAPUTO did not reach for anything, did not make any furtive movements, did not attempt to confront the CPD Officers, and did not present a threat to anyone at the time he was shot.  In fact, Plaintiff SAPUTO was more than 30 yards from any person when he was shot.

24.     Nevertheless, DEFENDANT WALDON repeatedly and intentionally shot Plaintiff SAPUTO, seriously injuring him.  DEFENDANT WALDON'S use of deadly force was excessive and unreasonable under the circumstances.

25.     Upon information and belief, at all times prior to and during the deployment of multiple gunshots fired at Plaintiff SAPUTO:

      A.     The CPD Officers had the opportunity to give Plaintiff SAPUTO a deadly force warning prior to the use of deadly force.  The CPD Officers failed to give a deadly force warning prior to the use of deadly force.

      B.     The CPD Officers were not at risk of immediate death or serious bodily injury based on Plaintiff SAPUTO'S actions; and no other person was at risk of immediate death of serious bodily injury based on Plaintiff SAPUTO'S actions.  Plaintiff SAPUTO was nowhere near any person at the time he was shot.

      C.     The CPD Officers, and other present CPD Officers were armed with less-lethal force options.

      D.     The amount and/or type of force used was the highest level of force an officer could have used.

      E.     The Defendant CPD Officers failed to de-escalate the situation.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment Unreasonable Seizure

### Excessive Force (42 U.S.C. § 1983)

(By Plaintiff against Defendants JASON WALDON, and DOES 1-10, inclusive)

26.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 25 of this Complaint with the same force and effect as if fully set forth herein.

27.     The Fourth Amendment to the United States Constitution guarantees all persons the right to be free from excessive force by peace officers.  Statute 42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

28.    On June 25, 2021, Defendants WALDON, and DOES 1-10, inclusive seized SAPUTO by firing multiple gunshots at SAPUTO, striking him in multiple places and causing serious injuries.

29.    Defendant WALDON issued no warnings before he shot SAPUTO, failed to employ reasonable alternatives to the use of deadly force, and failed to de-escalate the situation.

30.    At all times prior to the deployment of multiple gunshots fired at SAPUTO: Defendant WALDON and all other officers and persons were not at risk of immediate death or serious bodily injury based on SAPUTO'S actions; Defendant WALDON had time to issue a deadly force warning to SAPUTO prior to using deadly force but failed to do so; Defendant WALDON was armed with less-lethal force options; it was feasible for Defendant WALDON to utilize those less-lethal force options; and Defendant WALDON failed to exhaust all reasonable less-lethal force options.

31.    The use of deadly force by Defendant WALDON violated SAPUTO'S right to be free from excessive force by peace officers, which is guaranteed to him by the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment when he shot SAPUTO several times seriously injuring him.

32.    The conduct of Defendant WALDON was malicious, oppressive and in reckless disregard for the rights and safety of SAPUTO (and nearby bystanders) and warrants the imposition of exemplary and punitive damages against Defendant WALDON.

33.    SAPUTO seeks compensatory and punitive damages.

34.    Plaintiff also seeks attorneys' fees pursuant to 42 U.S.C. § 1988 and costs of suit.

///

///

## SECOND CLAIM FOR RELIEF

### Municipal Liability for Unconstitutional Custom or Policy

### (42 U.S.C. §1983)

(By Plaintiff against Defendants CITY; and DOES 9-10)

35.　　Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 34 of this Complaint with the same force and effect as if fully set forth herein.

36.　　A municipality is liable for the constitutional deprivations of an individual where its officials or employees, acting under color of law, deprived a person of their particular rights under the constitution and where either: the officials or employees acted pursuant to an adopted policy, custom, or practice; the acts of a final policy maker deprived a person of their constitutional rights by knowing about and approving of an employees' acts or omissions; or the constitutional deprivations were a result of the municipality's failure to train its employees to handle the usual and recurring situations with which they must deal. *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

37.　　On and for some time prior to and after June 25, 2021 (and continuing to the present date), the Defendant CITY deprived Plaintiff and other members of the public of their rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution by knowingly maintaining, enforcing, and applying an official custom, policy, and practice of:

　　　A.　　Employing and retaining CITY Police Officers, including Defendant WALDON and other CPD Officers, who the Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY CPD policies concerning the use of deadly force.

　　　B.　　Inadequately supervising, training, controlling, assigning, and disciplining CITY Police Officers, including the Defendant WALDON, concerning the use of deadly force.

- 8 -

COMPLAINT FOR DAMAGES

C.      Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling misconduct by Defendant WALDON, and other CITY Police Officers.

D.      Ratifying the misconduct and unlawful uses of excessive force by CITY Officers, including Defendant WALDON and other CITY Police Officers (including but not limited to the misconduct and excessive force used by Defendant WALDON against SAPUTO on June 25, 2021).

E.      Failing to discipline Defendant WALDON and other CITY Officers for conduct contrary to law and departmental policy (including, but not limited to the misconduct and excessive force used by Defendant WALDON against SAPUTO on June 25, 2021, and the false statements and material omissions in the reports of Defendant WALDON and other CPD Officers).

F.      Failing to re-train Defendant WALDON and other CITY Officers concerning the use of force and responding to calls for medical care despite the fact that complaints of excessive force and false statements have been filed against CITY Officers with the CITY, in the Superior Courts and in the District Courts.

G.      Failing to properly investigate claims of excessive force and false statements or reports by CITY Police Officers.

H.      Conspiring to give a false account of the incident to attempt to justify the use of excessive force.

I.      Encouraging, accommodating, or facilitating a "thin blue line," "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simple "code of silence," pursuant to which CITY Police Officers do not report other officers' errors, misconduct, or crimes.  Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing.

J.     Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people.

K.     By having and maintaining an unconstitutional policy, custom, and practice of using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of CITY were done with a deliberate indifference to individuals' safety and rights.

38.    Failing to adequately train, discipline, retrain, and investigate concerning allegations and incidents of excessive force by CITY Officers, in combination with CITY'S ratification of said complaints and incidents, has given rise to a culture of impunity within the CITY Police Department. The CITY'S actions and inactions have caused CITY Officers to disregard proper police procedures and the law concerning the use of force in the exercise of their authority as peace officers and during their day-to-day interactions with civilians.

39.    The CITY'S actions and inactions as described above, including the Defendant CITY'S unconstitutional customs, practices, and policies, caused the deprivation of Plaintiff' rights by Defendant Officers; that is, Defendant CITY'S unconstitutional customs, practices, and policies are so closely related to the deprivation of Plaintiff' rights as to be the moving force that caused the ultimate injury.

40.    By reason of the aforementioned policies and practices of Defendant CITY, SAPUTO was severely injured and subjected to pain and suffering.

41.    Plaintiff seeks compensatory damages and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and costs of suit.

///

///

## THIRD CLAIM FOR RELIEF

### Municipal Liability for Ratification

### (42 U.S.C. §1983)

(By Plaintiff against Defendants CITY; and DOES 9-10)

42.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 41 of this Complaint with the same force and effect as if fully set forth herein.

43.     Defendant WALDON acted under color of law.

44.     The acts of Defendant WALDON deprived SAPUTO of his particular rights under the United States Constitution.

45.     Upon information and belief, a final policymaker, including Defendants CITY and DOES 9-10, acting under color of law, have a history of ratifying unreasonable uses of force, including deadly force.

46.     Upon information and belief, a final policymaker, including Defendants CITY and DOES 9-10, acting under color of law, had final policymaking authority concerning the acts of Defendant WALDON, and ratified Defendant WALDON'S acts and the bases for them.  Upon information and belief, the final policymaker knew of and specifically approved of Defendant WALDON'S acts.

47.     Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendant WALDON were "within policy."

48.     The Defendant CITY'S unconstitutional ratification of Defendant WALDON'S use of excessive and unreasonable force caused the deprivation of Plaintiff's rights; that is, Defendant CITY'S ratification is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

49.     By reason of the aforementioned acts and omissions, Plaintiff has and will experience financial loss, pain and suffering, and loss of earning capacity.

50.     Accordingly, Defendant CITY is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

51.     Plaintiff seeks compensatory damages and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and costs of suit.

## FOURTH CLAIM FOR RELIEF

### Municipal Liability for Failure to Train

### (42 U.S.C. §1983)

(By Plaintiff against Defendants CITY; and DOES 9-10)

52.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 51 of this Complaint with the same force and effect as if fully set forth herein.

53.     Defendant WALDON acted under color of law.

54.     The acts of Defendant WALDON deprived SAPUTO of his particular rights under the United States Constitution.

55.     On information and belief, CITY failed to properly and adequately train Defendant WALDON and other CPD Officers, including but not limited to, with regard to the use of physical force, less than lethal force, and lethal force.

56.     The training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including the use of less than lethal and lethal force.

57.     Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

58.     The failure of Defendant CITY to provide adequate training caused the deprivation of Plaintiff's rights; that is, Defendant CITY'S failure to train is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

59.     By reason of the aforementioned acts and omissions, Plaintiff has and will experience pain and suffering, and loss of earning capacity.

60.     Accordingly, Defendant CITY is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

61.     Plaintiff seeks compensatory damages and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and costs of suit.

## FIFTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code §820 and California Common Law)

(By Plaintiff against all Defendants)

62.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 61 of this Complaint with the same force and effect as if fully set forth herein.

63.     Defendant WALDON while working as a CITY Police Officer and acting within the course and scope of his employment, intentionally shot SAPUTO several times.  The use of force by Defendant WALDON against SAPUTO was unreasonable and SAPUTO did not consent to such force.

64.     Defendant WALDON used excessive and unreasonable deadly force on Plaintiff SAPUTO when he shot SAPUTO without a warning, without an immediate defense of life situation, and while there were other reasonable options available.

65.     As a direct and proximate result of the actions of Defendant WALDON, SAPUTO suffered severe pain and suffering, harm, injuries, and damages.

66.     CITY is vicariously liable for the wrongful acts of the individual defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

67.     The conduct of Defendant WALDON was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff, individually, to an award of exemplary and punitive damages.

68.     Plaintiff seeks general and special damages, including punitive damages to be proven at trial.

1

**SIXTH CLAIM FOR RELIEF**

2

**Negligence (Cal. Govt. Code §820 and California Common Law)**

3

(By Plaintiff against All Defendants)

4

69.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1

5

through 68 of this Complaint with the same force and effect as if fully set forth herein.

6

70.     The actions and inactions of Defendant WALDON were negligent and

7

reckless, including, but not limited to:

8

A.     The failure to properly and adequately assess the need to use force

9

against SAPUTO in order to effectuate a seizure.

10

B.     The failure to properly and adequately assess the need to use force

11

and deadly force against SAPUTO.

12

C.     The negligent pre-shooting tactics and handling of the situation

13

with SAPUTO, including, but not limited to: negligent planning; negligent

14

command and control; negligent positioning; negligent communication with

15

other officers as well as with SAPUTO; negligent mental and emotional

16

attitude; negligent failure to de-escalate and decompress; negligent failure to

17

contain; and negligent failure to control subjective fear.

18

D.     The negligent supervision and control of officers.

19

E.     The negligent manner in which information was misstated and

20

omitted from police reports following the incident.

21

F.     The failure to properly train and supervise employees, both

22

professional and non-professional, including the failure to properly and

23

adequately assess the need to use force and deadly force against SAPUTO.

24

G.     The negligent use of force against SAPUTO.

25

71.     As a direct and proximate result of Defendant WALDON'S conduct,

26

including both pre- and post-shooting as alleged above, and other undiscovered

27

negligent conduct, SAPUTO was caused to suffer severe pain and suffering.

28

- 14 -

COMPLAINT FOR DAMAGES

72.     CITY is vicariously liable for the wrongful acts of the Defendant Officers pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

73.     Plaintiff seeks damages, including both general and special damages to be proven at trial under this claim.

## SEVENTH CLAIM FOR RELIEF

### Violation of Cal. Civ. Code § 52.1 and California Common Law

(By Plaintiff against All Defendants)

74.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 73 of this Complaint with the same force and effect as if fully set forth herein.

75.     The Bane Act, the California Constitution and California common law prohibit the use of excessive force by law enforcement.  California Civil Code, Section 52.1(b) authorizes a private right of action and permits survival actions for such claims.  *See Bay Area Rapid Transit Dist. v. Superior Court*, 38 Cal.App.4th 141, 144 (1995).  "[A] successful claim for excessive force under the Fourth Amendment provides the basis for a successful claim under § 52.1."  *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105-06 (9th Cir. 2014); citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013) ("[T]he elements of the excessive force claim under § 52.1 are the same as under § 1983."); *Bender v. Cnty. of L.A.*, 217 Cal.App.4th 968, 976 (2013) ("an unlawful [seizure]—when accompanied by unnecessary, deliberate and excessive force—is [] within the protection of the Bane Act").

76.     Defendant WALDON violated Plaintiff's Fourth Amendment rights to be free from unreasonable seizures when he used excessive and unreasonable force against him.  Defendant WALDON specifically intended to violate Plaintiff's constitutional rights as stated above, as demonstrated by Defendant WALDON'S reckless disregard for Plaintiff's constitutional rights.  Thus, Plaintiff can recover for

violation of the Bane Act. *See Reese v. County of Sacramento*, 888 F.3d 1030, 1040-45 (2018).

77.     The Defendant Officers violated SAPUTO'S Fourth Amendment rights to be free from unreasonable seizures when they used excessive and unreasonable force.

78.     SAPUTO was caused to suffer severe pain and suffering for which he is entitled to recover damages.

79.     The conduct of Defendant WALDON was a substantial factor in causing the harm, losses, injuries, and damages of SAPUTO.

80.     CITY is vicariously liable for the wrongful acts of the Defendant Officers pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

81.     The conduct of Defendant WALDON was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of SAPUTO, entitling him to an award of exemplary and punitive damages.

82.     Plaintiff seeks damages under this claim, as well as costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff request entry of judgment in their favor and against Defendants CITY OF CORONA, JASON WALDON, and DOES 1-10, inclusive, as follows:

A.    For compensatory damages under federal and state law in an amount to be proven at trial.

B.    For past and future medical expenses.

C.    For past and future physical pain and mental suffering.

D.    For past and future loss of income, loss of earning capacity, and lost profits.

E.    For punitive damages against the individual Defendant Officers in an amount to be proven at trial.

F.    For interest.

G.    For reasonable costs of this suit and attorneys' fees under state and federal law.

H.    For such further relief at law or equity as the Court or jury may deem just and appropriate.

DATED:  June 23, 2022              **LAW OFFICES OF GRECH & PACKER**


                                   By:   */s/*  Trenton C. Packer
                                   _____

                                         Trenton C. Packer
                                         *Attorneys for Plaintiff*

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED:  June 23, 2022            **LAW OFFICES OF GRECH & PACKER**

By:    */s/*  Trenton C. Packer

Trenton C. Packer
*Attorneys for Plaintiff*

- 18 -